

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2008

# Mills v. Phila Gas Works

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mills v. Phila Gas Works" (2008). *2008 Decisions*. Paper 1605.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1605

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2481
_____

FIDEL MILLS,

Appellant

VS.

PHILADELPHIA GAS WORKS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-02444)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2008
Before:  MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 13, 2008)

OPINION

PER CURIAM

Fidel Mills appeals pro se from the District Court's entry of summary judgment in

favor of Philadelphia Gas Works ("PGW").  We will affirm for the reasons discussed

below.

I.

Mills, an African-American male, began working for PGW in 1997. In October 2001, after being promoted, he complained to PGW's Equal Employment Opportunity representative that a co-worker was harassing him about his weight. PGW took no action, and in May 2002, Mills filed charges with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Rights Commission ("PHRC") alleging that he was subject to a hostile work environment because he was "extremely overweight."[1] In May or June 2003, after Mills was passed over for promotion to the next level of auto mechanic, he complained to his union representative, but not to anyone from PGW. In November 2004, Mills filed a second PHRC complaint, which was cross-filed in the EEOC, alleging race and disability discrimination. Then, in January 2005, he applied for one of two Senior Driver II positions. A Hispanic male and a Caucasian male, both of whom had more company seniority than Mills, were hired for the positions. Mills's union did not pursue the grievance it initially filed regarding Mills's failure to receive the senior driver II position.

In June 2006 Mills received a right-to-sue letter from the EEOC regarding the November 2004 charge. He filed the current lawsuit in the U.S. District Court for the Eastern District of Pennsylvania shortly thereafter. Mills's amended complaint alleged

---

[1] Mills received a right-to-sue letter from the EEOC as to this charge in October 2005. He did not file a civil action within 90 days of his receipt of the letter.

2

that PGW violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. ANN. § 951, by discriminating against him due to a disability and his race by not promoting him to the next level of auto mechanic, by not considering him for the Senior Driver II position, and by retaliating against him for filing EEOC and PHRC charges.

On April 27, 2007, the District Court entered a footnote order granting the PGW's motion for summary judgment. After Mills filed a timely notice of appeal, the District Court entered a memorandum opinion describing in further detail the reasons for its April 27th order. In particular, the District Court found that Mills (1) failed to exhaust his administrative remedies as to his retaliation claim; (2) abandoned his disability discrimination claim; and (3) did not make a prima facie showing of Title VII racial discrimination because he offered no evidence that African-Americans were treated less favorably than non-African-Americans. The District Court stated that the undisputed facts showed that seniority was the determinative factor in the Senior Driver II selection process, and that because two more senior candidates accepted the job, Mills was never interviewed for the position. Mills, who at the time was represented by counsel, ignored PGW's assertions regarding its decision-making process and failed to present any evidence casting doubt on the legitimacy of the seniority system.

Mills timely appealed from the District Court's order, but only challenges the District Court's finding that the seniority system was an appropriate basis for ranking the

candidates. Mills contends that pursuant to the "Union Book," PGW could not take company seniority into account. Rather, PGW was only allowed to consider job seniority—and Mills alleges that he had more job seniority than either of the two men who were hired. In support of this new argument, Mills attempts to supplement the record by attaching new documents, which include a page from the Union Book.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review a district court's entry of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Mills's appeal is plagued by several problems.

First, "[w]hile the record on appeal must be viewed in the light most favorable to the party who lost on summary judgment, . . . an appellate court may only review the record as it existed at the time summary judgment was entered. . . . The parties cannot add exhibits, depositions, or affidavits to support their position." Union Pac. R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 125-26 (3d Cir. 2002). Mills, however, has attempted to supplement the record by attaching several new documents to his informal brief. We will not consider these documents. See In re Application of Adan, 437 F.3d 381, 389 n.3 (3d Cir. 2006) ("[W]e will not consider new evidence on appeal absent extraordinary circumstances.").

Second, "[t]his court has consistently held that it will not consider issues that are raised for the first time on appeal." Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir.

4

1994); <u>Union Pac. R.R. Co.</u>, 293 F.3d at 126 (Appellants may not "advance new theories or raise new issues in order to secure a reversal of the lower court's determination."). We depart from this rule only when "manifest injustice would result" from a failure to consider a novel issue. <u>Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u> 7 F.3d 1110, 1115 (3d Cir. 1993). The sole issue that Mills presents in his informal brief is that PGW's use of company seniority in hiring for the Senior Driver II position violated the "Union Book." Even if that argument somehow demonstrated that PGW's seniority-based selection process was pretext for race discrimination, Mills could have asserted it in his response to PGW's motion for summary judgment. However, as the District Court noted, Mills ignored PGW's asserted legitimate non-discriminatory reason for not interviewing or selecting him for the Senior Driver II position. Thus, because there is no record of this theory being raised in the District Court, and because there is no indication that manifest injustice will result, we will not consider it here.

Additionally, after a thorough review of the record and the briefs submitted to this Court, we find no error in the District Court's entry of summary judgment. Thus, for the foregoing reasons, we will affirm the District Court's entry of summary judgment in favor of PGW.